DURVIT K. AND JOYCE M. FUHRMANN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fuhrmann v. Commissioner
Docket No. 5413-76.
United States Tax Court
T.C. Memo 1977-416; 1977 Tax Ct. Memo LEXIS 25; 36 T.C.M. (CCH) 1694; T.C.M. (RIA) 770416; December 5, 1977, Filed Durvit K. Fuhrmann, pro se. Stewart C. Walz, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $292.66 in petitioners' Federal income tax for the year 1973. The only issue for decision is whether petitioners are entitled to exclude from their income or deduct rent and utilities paid to the Tumpane Company for a house they occupied on the Glasgow Air Force Base in 1973 while *26 Durvit K. Fuhrmann was employed as a property controller by the Mountain Plains Education Center. FINDINGS OF FACT Some of the facts are stipulated and are so found. Durvit K. Fuhrmann (petitioner) and Joyce M. Fuhrmann when they filed their petition in this proceeding. They are husband and wife who resided in Great Falls, Montana, filed their joint Federal income tax for 1973 with the Internal Revenue Service Center at Ogden, Utah. During 1973 petitioner was primarily employed by Mountain Plains Education Center (Mountain Plains) in Glasgow, Montana. He began work for Mountain Plains on November 3, 1971. On March 17, 1972, he became property controller, a position he continued to hold in 1973. When petitioner obtained his position with Mountain Plains he moved to the Glasgow Air Force Base, a 20 mile distance from the town of Glasgow. Mountain Plains did not furnish any rent-free housing to any of its employees, including petitioner. Instead, he was paid wages and had to rent his own house during 1973. The Capehart housing project in which petitioners lived at this time was contracted out to the Tumpane Company, Inc. (Tumpane) and was specified for Mountain Plains *27 staff. Petitioner paid rent directly to Tumpane. When he moved into housing rented by Mountain Plains in 1974, he paid rent directly to his employer. Petitioner's duties required him to work eight hours a day at the Glasgow Air Force Base. As a condition of his employment, he was also expected to be available after hours to handle some routine administrative paperwork and to be on call for emergencies concerning the building and housing controlled by Mountain Plains. He was expected to respond to these calls as soon as possible. Petitioners claimed a deduction of $1,854.48 in 1973, as an employee business expense, for the rent and utilities paid to Tumpane for housing. The claimed deduction was disallowed by the respondent and an exclusion under section 119 was not permitted. OPINION Petitioner contends that he comes within the purview of section 119, Internal Revenue Code of 1954, because he was required to be on the Glasgow Air Force Base as a condition for accepting his job. He further contends that, although Tumpane was the general contractor for the Base, the source of the funds directly involved his employer, Mountain Plains. As major support *28 for this latter contention, the petitioner produced a lease agreement between the Air Force and Mountain Plains requiring 70 units to be available for the Mountain Plains staff, and a contract between the two requiring Mountain Plains to help fund overall base maintenance. To the contrary, respondent maintains that since the petitioner was not furnished housing by Mountain Plains during 1973, he is not entitled to an exclusion from income under section 119 nor to a deductible employee business expense. Section 119 of the Code provides for the exclusion from gross income of the value of meals and lodging furnished to an employee by his employer for the employer's convenience. The value of housing is excludable if (1) the employee is required to accept it as a condition of his employment, (2) it is located on the business premises, and (3) it is furnished for the convenience of the employer. Section 1.119-1(b), Income Tax Regs. The threshold requirement for section 119 is that the employer furnish the employee with housing in kind, the value of which is properly includable in income. Section 1.119-1(c)(2), Income Tax Regs.
Petitioner fails to meet this threshold requirement. *29 He mistakenly equates Mountain Plains funding to the Glasgow Air Force Base and his position there with ultimate government funding for the base, and attempts to use this to support his contention that his housing was provided by his employer, Mountain Plains. The nexus is tenuous. We reject the argument. Petitioner was not furnished housing by Mountain Plains at any time during 1973. He paid rent directly to Tumpane, a third party, during that year. Since Mountain Plains did not provide housing in kind, there is no value properly includable in income under section 61, and there is no resulting exclusion granted under section 119. Accordingly, we hold that the petitioners are not entitled to exclude the amounts paid for rent and utilities from their income under section 119. We also hold that these amounts are not deductible because they constitute personal living expenses under the provisions of section 262. Decision will be entered for the respondent.